ACCEPTED
04-15-00449-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/8/2015 2:17:48 PM
KEITH HOTTLE
CLERK

NO. 04-15-00449 -CV

IN THE COURT OF APPEALS
FOURTH JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/8/2015 2:17:48 PM
KEITH E. HOTTLE
Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

REAGAN WILLMAN,
Appellant

v.

MARY LEE SPILLER,
Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Appeal From
The County Court
of Menard County, Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APPELLEE'S REPLY TO REAGAN WILLMAN'S RESPONSE TO MOTION TO DISMISS APPEAL

MOSTY LAW FIRM
Richard C. Mosty
C. Dixon Mosty
222 Sidney Baker, Suite 400
Kerrville, Texas 78028

Attorneys for Appellee,
Mary Lee Spiller

NO. 04-15-00449-CV

IN THE COURT OF APPEALS
FOURTH JUDICIAL DISTRICT
SAN ANTONIO, TEXAS


********************

REAGAN WILLMAN,
Appellant

v.

MARY LEE SPILLER,
Appellee


********************

On Appeal From
The County Court
of Menard County, Texas

********************

APELLEE'S REPLY TO REAGAN WILLMAN'S
RESPONSE TO MOTION TO DISMISS APPEAL


To the Honorable Court of Appeals:

Appellee, Mary Lee Spiller, files this Reply to Appellant, Reagan Willman's

Response to Motion to Dismiss Appeal, as follows:

2

In his Response to Motion to Dismiss Appeal, Appellant now raises, for the first time, that his Trial Counsel (Hon. Jonathan Cluck) lacked authority to enter into a settlement agreement. This issue was never raised at the Trial Court level, and there is certainly no evidence supporting this new claim.

There is nothing in the record, in any of the Court's transcripts, or even in any of the previous filings that indicate, or allege, any claimed lack of authority. In fact, all of the filings claim simply that Willman changed his mind, and repudiated the agreement announced in an open court. Of course, that repudiation is too late, as referenced in Appellee's Motion to Dismiss.

If Appellant claims that his attorney acted without authority, that is a matter between Appellant and his Trial Counsel. If the Court were to allow this type of post-judgment argument, then there is no Rule 11 Agreement that would ever be enforceable. Even though an attorney announced an agreement on the record in open court, any client could then claim a lack of authority to the actions and revoke any Rule 11 agreement, without any evidence in support of such claim, and without ever raising this issue to the Trial Court. This would be true whether the Rule 11 agreement were in writing, or rendered in open court.

Presumably, then, the client could hide behind the attorney-client privilege and no Rule 11 Agreement will ever be enforceable. For the following reasons,

Willman's appeal should be dismissed:

**1. Mr. Willman did not raise this issue in the Trial Court.**

Willman is careful in stating that he raised the issue that Willman "disputed" the agreements by Mr. Cluck. *See* Response at par. 2. This is true, Willman did later try to repudiate the agreements entered into by his counsel. However, Willman does not contend that he raised the issue regarding Mr. Cluck's authority at the Trial Court level. He did not, and he does not even allege that he did.

Any issue regarding Mr. Cluck's authority was never before the Trial Court, at any hearing or on any post-trial motion filed by Willman. There is no pleading wherein Willman contends Mr. Cluck lacked authority, and it has never been alleged until Willman filed his response in this mattter.

If Willman would have raised it, Appellee could have solicited testimony from Mr. Willman, and Mr. Cluck, to confirm that Mr. Cluck had full authority to enter into the agreement on behalf of his client. Mr. Cluck actually confirms on the record that he has full authority to enter into the settlement agreement. However, this issue was not raised at the Trial Court level, and it is not properly before this Court.

**2. No Evidence that Mr. Cluck did not have authority.**

Even though it was not raised, there is also absolutely no evidence that Mr. Cluck did not have the authority to act on behalf of Mr. Willman. Willman cites two

4

references as support for his claim that Mr. Cluck lacked authority: (1) CR 1:789 and (2) RR Vol 2, Pages 15-16.

The reference to CR 1:789 provides no evidence supporting Willman's new claim that Mr. Cluck lacked authority. Mr. Willman cannot direct this Court to a single piece of evidence which suggests that he raised this issue before the Trial Court.

The reference to RR 2:15-16 is Mr. Willman's testimony at the hearing on Mr. Cluck's Motion to Withdraw. In the two pages cited, there is absolutely no contention by Mr. Willman that Mr. Cluck lacked authority. In fact, in response to a question by the Court Mr. Willman testifies that the problem was that there was a clarification in the transcript that he did not realize. RR 2:16, L. 7-10. To date, Mr. Willman has not identified any clarification or concern about the agreement, but he most certainly has never alleged that Mr. Cluck did not have authority to act on his behalf.

Appellant cites a single case in support of his theory that an agreement is not enforceable if an attorney lacks client consent. *See Cleere v. Blaylock*, 605 S.W.2d 294, 296 (Tex. Civ. App.–Dallas, 1980, no writ). First, the Court in *Cleere* is very specific in stating that the court will indulge in every reasonable presumption to support a compromise agreement made by an attorney. *Cleere v. Blaylock*, 605

5

S.W.2d 294, 296 (Tex. Civ. App.—Dallas 1980, no writ)

Secondly, *Cleere* involved a separate breach of contract claim, and detailed

evidence to the Court regarding the lack of authority, as follows:

> Appellee's former attorney testified that he believed that appellee had given him authority to enter into the agreement, but that he was "very emotionally distraught, very upset, and I think, as best as he could under the circumstances, he did understand." Appellee was not present in the courtroom when the agreement was dictated into the record. Appellee testified that the agreement entered into was not the agreement he intended to enter into and, later, that it was not his agreement. He also testified that he would have been unable to make an agreement that day. In this respect, his testimony was that he was on medication and that he was so upset he could not have been rational enough to make a decision authorizing the agreement because his brothers and sisters had turned on him. Further, he testified that he never succeeded in seeing the judge that day in spite of repeated demands made to his lawyer. His wife testified that her husband kept telling his lawyer "no, no," when asked to agree to anything, that her husband was having heart pains that day, and that they were ushered out into the elevator and left the courthouse.

*Cleere v. Blaylock*, 605 S.W.2d 294, 296 (Tex. Civ. App.—Dallas 1980, no writ). In

this case, there is (1) no allegation of lack of authority at the Trial Court level, and (2)

there is no evidence of lack of authority.

## SUMMARY

Wilman contends that Appellee's Motion to Dismiss has no basis in law or fact.

6

This is an interesting argument from a party raising an issue regarding Mr. Cluck's authority for the very first time on appeal, without citing this Court any reference or evidence to support such claim. There is no allegation before the Trial Court that Mr. Cluck lacked authority, and there is certainly no evidence (before the Trial Court or this Court) that Mr. Cluck lacked authority.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Appellee, MARY LEE SPILLER, prays that this appeal be dismissed, and for such other and further relief, to which Appellee may be justly entitled.

Respectfully submitted,

**MOSTY LAW FIRM**
222 Sidney Baker, Suite 400
Kerrville, Texas 78028
Telephone No. (830) 792-7711
Telefax No. (830) 792-7717 (fax)

Richard C. Mosty
State Bar No. 14594800
Email: rmosty@mostylaw.com
C. Dixon Mosty
State Bar No. 24041532
Email: cdmosty@mostylaw.com

**Attorneys for Mary Lee Spiller**

## CERTIFICATE OF SERVICE

I certify that a true copy of this motion has been served on counsel of record on _September 8_, 2015, as follows:


W. Calloway Huffaker
P.O. Box 968 - 1540 Ave. J
Tahoka, Texas 79373
Email: arlener@huffaker-law.com

Telefax No. (806) 998-5328


Deborah S. McClure
P.O. Box 15125
Amarillo, Texas 79105
Email: deborahm@huffaker-law.com4

Telefax No. (806) 998-5328


Mark A. Marshall
105 N. Church St.
Brady, Texas 76825-4511
Email: marshall-law@verizon.net

Telefax No. (325) 597-9152


Tom Roberson
P.O. Box 25
Menard, Texas 76859
Email: robersonlaw.@hotmail.com

Telefax No. (325) 396-2047


Chris Wallendorf
722 Front Street, Suite 101
Comfort, TX 78013
Email: chrisw7@hctc.net

Telefax No. (830) 995-2668


_____
Richard C. Mosty
C. Dixon Mosty